IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACEY A. NECAK | CASE NUMBER: 1:17-cv-1473 |
| Plaintiff, | JUDGE: Donald C. Nugent |
| v. | |
| SELECT PORTFOLIO SERVICING, INC. | |
| Defendant. | |

**PLAINTIFF TRACEY A. NECAK'S MEMORANDUM CONTRA TO DEFENDANT'S MOTION TO DISMISS OR STAY**

**I.   INTRODUCTION**

Select Portfolio Servicing, Inc. ("SPS") is *not* a party to the foreclosure action pending in state court against Plaintiff Tracey A. Necak ("Mrs. Necak"). The foreclosure case was filed by U.S. Bank, N.A. against Mrs. Necak and several other parties. This case is entirely independent from the foreclosure in almost every way. The claims in the foreclosure case are based on state contract and foreclosure law and are completely separate, unique and apart from the federal law claims surrounding the SPS's improper servicing of Mrs. Necak's loan. This Court can grant complete monetary relief to Mrs. Necak for money damages against SPS without interfering or preventing the state court from denying U.S. Bank, N.A. the ability to foreclose and vice versa. A Motion to Dismiss utilizing an argument that abstention can be applied or even considered based on a concurrent state foreclosure case to which SPS is not even a party is deeply flawed. The Motion to Dismiss or Stay can only be interpreted as desperate attempt to muddy the waters and delay this case from proceeding. This Court has jurisdiction over the claims of Mrs. Necak concerning the servicing of her mortgage against SPS and it should exercise that jurisdiction.

1

SPS has not presented any rational argument to stay or dismiss this case. Therefore, the Motion to Dismiss must be denied in its entirety.

## II. BACKGROUND

U.S. Bank, N.A., filed foreclosure on February 9, 2017 in the Court of Common Pleas for Medina County, Ohio (the "Foreclosure"). *SPS is not joined as a party to the Foreclosure*. SPS is not a party to the contract between U.S. Bank, N.A. and Mrs. Necak. Mrs. Necak defended the foreclosure and breach of contract (i.e. note) claims by filing a solitary counter claim against U.S. Bank, N.A. alleging that U.S. Bank, N.A. is estopped from foreclosing on her home (the "Answer"). Mrs. Necak asserted her counter claim based on U.S. Bank, N.A.'s clear and unambiguous offer to modify the contract between U.S. Bank, N.A. and Mrs. Necak. Mrs. Necak's counterclaim is not seeking any relief from SPS based on her counterclaim. The Foreclosure, which is entirely different than the current case, can proceed and even be resolved independently of the current case.

Mrs. Necak filed this lawsuit on July 13, 2017 against SPS for violation of federal law related to its conduct in servicing her loan (the "Federal Case"). (ECF Doc# 1, Page ID #1) In the Federal Case, Mrs. Necak is entitled to monetary damages pursuant to SPS's violations of federal statute – specifically the Real Estate Settlement Procedures Act ("REPSA") and the fraud committed during the servicing of her loan. RESPA places obligations on the conduct of mortgage loan servicers to curtail the industry's historic abuse of consumers. Aside from the obvious fact that SPS is not a party in both the Foreclosure and the Federal Case, the claims, circumstances, law and damages sought in the Federal Case are wholly separate and distinct from the Foreclosure.

On May 14, 2016, SPS sent a loan modification offer on behalf of U.S. Bank, N.A. to Mrs. Necak. (*Id*. at ¶ 40) SPS placed a time restriction of June 30, 2016, for acceptance of the modification and required that Mrs. Necak's signature be notarized. (*Id*. at ¶ 60) Unfortunately, the loan modification was drafted for the signature of Tracey A. Strzala – Mrs. Necak's maiden name. (*Id*. at ¶ 3) Because of this immaterial discrepancy, Mrs. Necak was unable to obtain a notarized signature. Mrs. Necak promptly sought assistance from the servicer of her mortgage loan, SPS, to resolve the issue. (*Id*. at ¶ 4)

SPS repeatedly violated RESPA by failing to adequately service Mrs. Necak's mortgage loan. (*Id*. at ¶¶ 1-176) SPS required unnecessary and duplicate documentation from Mrs. Necak to prove her name change and failed to timely review the documents to correct the name on the loan modification. (*Id*. at ¶¶50-62) SPS made repeated representations to Mrs. Necak that a review was underway and that there was sufficient time for the issue to get resolved despite Mrs. Necak's concerns to the contrary. *Id*. However, Mrs. Necak relied on the representations made by SPS. *Id*. SPS went back on its representations and claimed Mrs. Necak had not accepted the loan modification. (*Id*. at ¶¶ 60-3) Mrs. Necak had no choice but to bring the Federal Case for violations of RESPA and fraud against SPS. Mrs. Necak did not name U.S. Bank, N.A. as a party in the Federal Case. (*Id*. at ¶¶ 1-176) Mrs. Necak in her Amended Complaint does not assert any claim in the Federal Case that interferes or prevents full and complete relief from being granted in the Foreclosure. This Court can hold SPS accountable for its inexcusable actions completely and entirely independent of the Foreclosure.

On August 23, 2017, SPS filed a Motion to Dismiss or Stay this Action Pending the Resolution of Parallel Litigation in Ohio State Court. (ECF Doc. #4, PageID #36-46. Mrs. Necak amended her complaint in order to simplify and focus her claims in the Federal Case.

However, on October 11, 2017, SPS filed a baseless Second Motion to Dismiss or Stay ("Motion to Dismiss") alleging SPS was somehow entitled to relief in the Federal Case due to the mere existence of the Foreclosure to which it is not a party, is not affected by the outcome and which contains claims and allegations independent of those in the Federal Case. (ECF Doc. # 11, PageID # 93.) Despite the strained analysis SPS promulgates in its Motion to Dismiss, the doctrine of abstention does not apply to these circumstances.

It is well established that Mrs. Necak can sue the servicer of her mortgage loan in federal court while she is being sued by an entirely different party under different claims seeking independent relief. To hold otherwise would require foreclosure and breach of the note to be brought as compulsory counter claims in any federal RESPA action brought by a consumer against the servicer. Further, consumers should not be forced to risk compulsory foreclosure and breach of the note counterclaims simply for asserting their rights provided under federal law for the transgressions of companies like SPS. The 6th Circuit has specifically addressed this issue. Therefore, the Court should deny SPS's Second Motion to Dismiss or Stay.

### III. LAW & ARGUMENT

**A. SPS is not entitled to abstention in the Federal Case.**

SPS's Motion to Dismiss is deeply flawed and can only be viewed as a desperate attempt to confuse the issues and delay the Federal Case since it is not even a party to the Foreclosure. Abstention is only an available remedy in the most extreme and limited of situations. The "circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In its Second Motion to Dismiss or Stay, SPS grossly

misinterprets the Supreme Court application of the *Colorado River* abstention doctrine. Pursuant to *Colorado River,* abstention is permissible *only* when both of the following are clearly met: (1) there is identical or parallel litigation pending in both state and federal courts, and (2) the allowance of case in federal court would present mere duplicative litigation. *Id*. at 817–18; *Bates v. Van Buren Twp.,* 122 F. A'ppx 803, 806–07 (6th Cir.2004). The analysis in *Colorado River* has several subparts, but the analysis in this case is not difficult. However, for the sake of a complete analysis under the *Colorado River* Doctrine, Mrs. Necak will review each prong to show that abstention is not even remotely available to SPS in the Federal Case.

### 1. The Foreclosure and Federal Case are not parallel.

First, SPS fails to show that the Federal Case and the Foreclosure are identical. On the contrary the two cases are easily distinct and separate matters. In order to request the Court abstain from exercising jurisdiction in the Federal Case, SPS must clearly show that the cases are in fact parallel. For the reasons below, there is no question that SPS's Motion to Dismiss must be dismissed.

#### *i. The parties to the Foreclosure and Federal Case are not the same.*

SPS clearly fails the initial question as to whether abstention is available. The easiest way to determine whether the cases are parallel is to look at the parties in both cases. Cases are parallel only when "the same parties [are] contemporaneously litigating substantially the same issues." *Summit,* 187 F. Supp. 3d 893 at 897 (quoting *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 646 (7th Cir.2011)). The Foreclosure and Federal Case are not parallel, because the same parties are not involved in both cases. As repeatedly mentioned throughout, SPS is not reasonable in requesting abstention simply because it is not a party in both cases. In the Foreclosure, U.S. Bank alleges claims pursuant to its contract with Mrs. Necak and names John

Doe, Joshua Necak, State of Ohio, Department of Taxation, City of Brunswick and Mrs. Necak but did not name SPS. In the Federal Case, Mrs. Necak brought different and unique federal claims only against SPS for its fraudulent servicing of her mortgage loan. U.S. Bank and SPS are not the same party nor do they have the same obligations related to Mrs. Necak's mortgage loan. Because the parties are different, the Federal Case and the Foreclosure are not identical or parallel cases.

> ii. *Resolution of the Foreclosure will not dispose of claims in the Federal Case.*

SPS also fails the second test of the analysis. Abstention is only available where there is a substantial likelihood that resolution of the Foreclosure will dispose of all claims presented in the Federal Case. *Summit,* 187 F. Supp. 3d 893 at 897 (quoting *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 646 (7th Cir.2011)). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues before the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *Chellman–Shelton v. Glenn*, 197 Fed.Appx. 392, 394 (6th Cir. 2006).

The Foreclosure and the Federal Case do not involve the same issues or claims. The claims in the Foreclosure are contractual in nature, exist only between U.S. Bank, N.A. and Mrs. Necak, and seek relief in the form of equitable foreclosure of the mortgage. Ms. Necak's only counterclaim seeks to estop U.S. Bank, N.A. from foreclosing on her home. In the Federal Case, Mrs. Necak alleges unique violations of RESPA and fraud related to SPS's failure to appropriately service her mortgage loan and seeks monetary damages. (ECF Doc. #6, PageID # 10-19.) The claims in the Foreclosure require different elements from those in the Federal Case. *See Crawley v. Hamilton County Com'rs*, 744 F.2d at 28 (it is acceptable to decline to apply

abstention where claims in the federal suit not present in the state suit); *See also Kantner*, 535 F. Supp. 2d at 886 (stating "Thus, in light of many difference between the two cases, this Court cannot consider them to be parallel, and the *Colorado River* analysis need not go further"). The appropriate relief for the claims in each case can be completely afforded entirely independent of another. The Court can grant Mrs. Necak full relief pursuant to her RESPA and fraud claims without affecting those claims in the Foreclosure. Likewise, full resolution of the Foreclosure will not resolve any of the claims as alleged in the Federal Case. SPS's assertions that the cases are even remotely identical are baseless. SPS has no reasonable basis to request that abstention be exercised in the Federal Case. SPS's erroneous Motion to Dismiss cannot be granted.

### 2. The Federal Case does not result in duplicative litigation.

SPS also fails to meet the second prong of the *Colorado River* abstention analysis. The *Colorado River* decision requires the Court to consider eight factors only if the parallel cases are found: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which the jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Finch v. Thomas Asphalt Paving Co*., 252 F.Supp.2d 459, 462 (N.D. Ohio 2002) (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir.2001)); *Kantner*, 535 F. Supp. 2d at 883. Here, SPS has not shown that any of the factors provide clear justifications necessary to support the rare circumstances to exercise abstention. For the reasons below SPS's Motion to Dismiss must be denied.

### i. The Court is not exercising jurisdiction over any property in the Federal Case.

The existence of the Foreclosure does not circumvent the Federal Case. SPS misunderstands this element. A state court action assuming *quasi in rem* or *in rem* jurisdiction over property securing a mortgage does not however implicate statutory claims in federal court for purely money damages which is precisely what has occurred. *Lech v. Third Fed. Sav. & Loan Ass'n of Cleveland*, No. 2:13-CV-518, 2013 WL 6843062, at *4 (S.D. Ohio Dec. 27, 2013). The Federal Case concerns SPS's fraudulent servicing of the mortgage which is different from state jurisdiction over foreclosure for possession of property. The RESPA and fraud claims in the Amended Complaint, do not implicate the property subject to the Foreclosure. The Federal claims seek purely monetary damages and will not affect the disposition of the property in the Foreclosure. SPS fails to meet this prong.

### ii. There is nothing inconvenient about the federal forum.

SPS demonstrated no reasonable justification as to why the Court is an inconvenient forum. In fact the exact opposite is true. Any inconvenience must arise to a hardship that would justify abstention. *Inrecon, LLC v. Highland Ins. Co.*, 284 F. Supp. 2d 773, 779 (E.D. Mich. 2003). The Medina Common Pleas Court and the Carl B. Stokes US Court House are approximately thirty miles apart. SPS is not a party to the Foreclosure, so even if it was relevant to the convenience of the parties, SPS does not have the burden of defending multiple cases pertaining to Mrs. Necak. Additionally, the allegations in the Amended Complaint require an interpretation of federal statute making the federal courts the ideal forum. SPS has not put forth any reasonable argument as to why the Court is an inconvenient forum. Therefore, the Court should not give this factor any consideration as it weighs heavily in favor of exercising jurisdiction.

### *iii. There is no fear of piecemeal litigation.*

There is no risk of inconsistent results if the Foreclosure and Federal Case both continue to proceed independently. Both cases must receive independent resolution none of "which would throw the ownership of the subject property in turmoil." *Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013) (quoting *Bee pot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.,* No. 3:10-CV-423-J-34TEM, 2011 WL 4529604 (M.D. Fla. Sept. 30, 2011)). As mentioned above, the Federal Case is strictly for money damages and cannot affect the ownership or disposition of the subject property at issue in the Foreclosure. The Foreclosure is primarily a dispute for possession and ownership of the property. There is no other danger of inconsistent results between the separate matters. Therefore, this factor weighs in favor of the Court exercising jurisdiction.

### *iv. The timing of the separate cases and their progressions do not support abstention.*

SPS is not a party to the Foreclosure. Even though the Foreclosure action was filed first, the timing in the Foreclosure has no effect on the timing or progression of the Federal Case. Any suggestion that the progression or any activity in the Foreclosure will prejudice SPS in the Federal Case is illogical and disingenuous since SPS is not involved in the Foreclosure. SPS is under no obligation to defend the Foreclosure.

### *v. The Federal Case involves Federal Law.*

Mrs. Necak asserts federal claims under RESPA which gives the Court original jurisdiction. 12 U.S.C. § 2614. Mrs. Necak's claims and damages derive from SPS's fraudulent servicing of her mortgage loan. Because federal law governs for Mrs. Necak's claims abstention is not available. *See Blake,* 917 F. Supp. 2d at 738 (determining claims asserted under federal law are better suited for federal courts and cuts against exercising abstention). SPS has not

raised any viable argument to suggest the state court is better suited to protect Mrs. Necak's interest. Therefore, the Court is the best forum to hear Mrs. Necak's federal claims.

### 3. Abstention is only available in extremely rare circumstances.

SPS has no basis to request abstention or a stay in the Federal Case. The Court must exercise jurisdiction in this action. It is well established that abstention should be exercised only in the most narrow and extraordinary of circumstances. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). The doctrine of abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it and a stay of proceedings is equally extraordinary. *Summit Contracting Grp., Inc. v. Ashland Heights, LP,* 187 F. Supp. 3d 893, 897 (M.D. Tenn. 2016); *see also* (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). SPS cannot come close to justifying abstention or a stay of the Federal Case. This is especially true since both remedies are available only in the narrowest of circumstances. Absent the existence of an extraordinary or narrow exception – which does not exist in this case – the Court should exercise its jurisdiction and not allow SPS to dismiss or stay the action.

### B. The Sixth Circuit has already determined that abstention is not available.

Binding precedent is firmly against SPS on this matter. The Sixth Circuit has already decided this issue. Foreclosure and violations of RESPA are not compulsory to one another and need not be brought in the same action. For the purpose of differentiating these claims, the Sixth Circuit emphasized that a foreclosure action is not "logically related" to a RESPA claim.[1]

---

[1] *Marias* found that a foreclosure was not a compulsory counter claim to a complaint under RESPA because the requirements under RESPA for Qualified Written Requests were not logically related to a foreclosure.

*Marais v. JPMorgan Chase Bank, N.A.*, 676 F. App'x 509, 513 (6th Cir. 2017), reh'g denied (Mar. 2, 2017). The Court stated that, "[w]hether [a] [d]efendant followed these [RESPA] procedures is a very different question from whether Defendant had a right to foreclosure." *Id.* "The [d]efendant's foreclosure claim is a contract claim governed by Ohio state law, where [p]laintiff's RESPA claim required an interpretation of federal statutory law." *Id.* Here, the complete reverse is true. The Foreclosure and its remedies are based in contract and governed by Ohio law, while Mrs. Necak's claims and remedies in the Federal Case are based substantially on RESPA and require an interpretation of federal law. The fraud claims are also properly compulsory to the RESPA violations since the actions were committed by the same party who is not a party to the Foreclosure. Just as the court found in *Marias*, the claims in the Federal Case are not logically related to those in the Foreclosure. In light of the many differences between the Federal Case and Foreclosure, this Court should not find them parallel under the *Colorado River* test.

## IV.    CONCLUSION

SPS's Second Motion to Dismiss or Stay should be denied by the Court. SPS is not a party to the Foreclosure. The *Colorado River* analysis is clearly inapplicable to the current action. The Foreclosure and Federal Case are not parallel for a number of reasons, the facts weigh overwhelmingly in favor of the Court exercising jurisdiction and SPS has not asserted any genuine argument to support its motion. Therefore, Mrs. Necak respectfully requests this Court deny SPS's Motion, award the cost of responding to the frivolous Motion to Mrs. Necak, and any other relief this Court deems just.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., LPA

*s/ Sean M. Kohl*_____
Sean M. Kohl (0086726)
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
(614) 944-5219 PH
(818) 638-5548 FAX
Sean@Doucet.Law
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2017, I caused this document to be electronically filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic fling to all parties indicated on the electronic filing receipt, pursuant to Fed.Civ.R.P. 5(b)(3) and Loc.R. 5.1(b) and Appendix B ¶ 14:

Nathan B. Spencer
DINSMORE & SHOHL LLP
255 East Fifth Street, Ste 1900
Cincinnati, Ohio 45202
Nathan.Spencer@dinsmore.com

*s/ Sean M. Kohl*_____
Sean M. Kohl (0086726)