IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY A. NECAK, | ) | CASE NO.: 1:17 CV 1473 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| SELECT PORTFOLIOS SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant's Second Motion to Dismiss or Stay this Action Pending the Resolution of Parallel Litigation in Ohio State Court. (ECF #11). Plaintiff filed a Memorandum in Opposition to the motion, and Defendant filed a Reply in support. (ECF #13, 15). After careful consideration of the briefs and relevant law, this Court finds that Defendant's Motion should be DENIED.

# BACKGROUND[1]

On February 9, 2017, U.S. Bank N.A. ("U.S. Bank") filed a foreclosure and breach of contract action against Plaintiff, Mrs. Necak, in the Court of Common Pleas for Medina County, Ohio. Mrs. Necak filed a counter claim against U.S. Bank for estoppel, alleging U.S. Bank had promised her a modification of the loan, but did not follow up on this promise. She did not seek monetary damages. In this case, Mrs. Necak has brought an action seeking monetary damages against SPS for a violation of the federal Real Estate Settlement Procedures Act (RESPA). Defendant Select Portfolio Servicing, Inc. ("SPS") was the servicer of the loan made by U.S. Bank to Mrs. Necak("SPS"), but was not a party to the state action. There was no RESPA claim against U.S. Bank in the state action.

Through its motion, the Defendant is asking the Court to declare that this and the state court case are parallel actions, and to dismiss or stay this action pending resolution of the Medina County case under the doctrine of abstention set forth in *Colorado River Water Conservation v. United States*, 424 U.S. 800 (1976). However, the *Colorado River* abstention doctrine does not apply under the circumstances at issue here.

In order for the *Colorado River* abstention doctrine to apply, there must be parallel actions in state and federal court. *Id.* at 806; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). Cases are parallel only when "the same parties [are] contemporaneously litigating substantially the same issues," and "the critical question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal

---

[1] The facts set forth in this section are taken from the Plaintiff's Complaint and are accepted as true for purposes of this opinion only. They should not be construed as findings of this Court.

case.'" *Summit Contr. Grp., Inc. v. Ashland Heights, LP*, 187 F.Supp. 3d 893, 897 (M.D. Tenn. 2016)(quoting *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011)). The Supreme Court has explained that a stay should only be granted where it would allow for a "quick and prompt resolution between the parties," such that the federal court "will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (emphasis added). The Sixth Circuit has explained that "[i]f there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues before the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *Chellman—Shelton v. Glenn*, 197 Fed. Appx. 392, 394 (6th Cir. 2006).

This action and the state court case at issue have different defendants, and the issues, although possible related, are not substantially similar. Resolution of the claims between U.S. Bank and Mrs. Necak will not determine SPS's liability on the fraud and RESPA claims. The state case involves contract and estoppel claims related to the ownership and potential forfeiture of real property. This case involves potential violations of RESPA, allegations of fraud, and a request for monetary damages. It has no direct effect on the ownership of real property. As the Sixth Circuit has recognized, a "foreclosure claim is a contract claim governed by Ohio state law, where [p]laintiff's RESPA claim require[s] an interpretation of federal statutory law." *Marais v. JPMorgan Chase Bank*, N.A., 676 Fed. App'x 509, 513 (6th Cir. 2017). In addition, as in the Sixth Circuit case of *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984), the claims in this federal court were not raised in the state court action, and resolution of the state

forfeiture case will not definitively resolve the federal law question of whether SPS violated RESPA in the servicing of the mortgage loan. In such cases, the Sixth Circuit has repeatedly held that application of the Colorado River abstention doctrine is not appropriate. *Id.*; *Baskin v. Bath Tp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis added); *accord Iron Workers of W. Pa. Pension Plan v. Caremark RX, Inc*., No. 3:06-1097, 2007 U.S. Dist. LEXIS 1378, 2007 WL 60927, at *3 (M.D. Tenn. Jan. 5, 2007)(noting that Sixth Circuit precedent indicates that the claims and issues must be parallel, in order for the doctrine to apply); *Summit Contracting Group, Inc. v. Ashland Hts.*, LP, 187 F. Supp. 3d at 897-898 (M.D.Tenn.2016).

## **CONCLUSION**

For the reasons set forth above Defendants' Second Motion to Dismiss or Stay this Action Pending the Resolution of Parallel Litigation in Ohio State Court is DENEID. (ECF #11).   IT IS SO ORDERED.

        /s/ Donald C. Nugent  
        DONALD C. NUGENT  
        United States District Judge

DATED:   December 8, 2017